UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

THOMAS RIDGEWAY                                                              PETITIONER

v.                                                    CIVIL ACTION NO. 5:11CV-P120-R

COMMONWEALTH OF KENTUCKY                                                    RESPONDENT

## MEMORANDUM OPINION

The petitioner, Thomas Ridgeway, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The Court reviewed his petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, the Court directed Ridgeway to show cause why his petition should not be dismissed for failure to exhaust all available state court remedies. Ridgeway has now responded to the Court's Show Cause Order. Upon review, for the reasons set forth below, the Court will dismiss the petition for failure to exhaust state court remedies.

### I.

In his petition, filed on July 6, 2011, Ridgeway states that he was convicted in Marshall Circuit Court of third-degree burglary and second-degree attempted burglary on May 17, 2011. On June 6, 2011, he was sentenced to five years and one year, respectively, to be served concurrently. In the section requesting Ridgeway to state whether he filed an appeal of the judgment of conviction, he states that he filed an appeal in Marshall Circuit Court, that the result is "Undisclosed," and that the date of the result is "Presently undefined." He also states that he filed an appeal in the Sixth Circuit Court of Appeals. A review of the Kentucky Court of Appeals website shows that Ridgeway filed an appeal of his conviction in that court on June 16, 2011, and the appeal appears to be pending.

**II.**

A federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b);[1] *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."). Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). A state prisoner must present the substance of every claim he intends to raise in a § 2254 petition to all levels of state court review before pursuing relief in federal court. However, where a prisoner's failure to present a claim to the state court bars state court consideration of the claim, an exception to the exhaustion requirement is made, since further resort to the state courts would be futile. *See Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

---

[1]Section 2254 provides, in pertinent part:
(b)(1) An application for a writ of habeas corpus . . . shall not be granted unless it appears that:
(A) the applicant has exhausted the remedies available in the court of the State; or
(B)(I) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In the present case, it appears that Ridgeway's appeal before the Kentucky Court of Appeals is still pending. He therefore has not exhausted his administrative remedies. In his response to the Show Cause Order, Ridgeway states that his § 2254 petition "must be considered appropriate for review when no possibility exists for conclusion in state courts due to reprobation by conversive eyclusion ventured by Kentucky Constitution section 114 particularly 41.161 mental instability in course of prosecution." He also states, "This is federal jurisdiction and verdict must be validated before proceeding with state appeals to concrete due process rights granted citizen in 6th Amend."

Upon review, the Court finds no legal authority for Ridgeway's arguments. Any alleged constitutional deprivations must be asserted through the state appellate process. *O'Sullivan*, 526 U.S. at 845. "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[2] *Id.* Therefore, Ridgeway fails to satisfy his burden of demonstrating that he has

---

[2]Under Kentucky Rule of Criminal Procedure (RCr) 12.05,

> In all appeals from criminal convictions or post-conviction relief matters a litigant shall not be required to petition for rehearing or to file a motion for discretionary review to either the Kentucky Court of Appeals or Kentucky Supreme Court following an adverse decision of either the circuit court or Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the appellate court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies available for that claim. If rehearing or discretionary review is sought on less than all of the claims of error presented on appeal, the litigant, nevertheless, shall be deemed to have exhausted all available state remedies respecting the claim(s) of error for which rehearing or discretionary review is not sought. Finality of the opinion for all claims of error is governed by CR 76.30(2).

complied with the exhaustion requirement or that the state procedure would be futile. Ridgeway must exhaust his appeal in state court before this Court can entertain a § 2254 petition.

For these reasons, the Court will enter a separate Order dismissing the action.

### III.

In the event that Ridgeway appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court dismisses a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* at 484. In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:

cc: Petitioner, *pro se*
4413.010

4